# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-1092
_____

United States of America

*Plaintiff - Appellee*

v.

John Axelgard

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: July 7, 2020
Filed: July 13, 2020
[Unpublished]
_____

Before KELLY, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

The district court[1] ordered John Axelgard involuntarily committed based on a "mental disease or defect." 18 U.S.C. § 4246 (authorizing commitment when

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, adopting the report and recommendations of the

releasing a person who suffers from a "mental disease or defect" would "create a substantial risk of bodily injury . . . or serious damage to property"). On appeal, Axelgard's counsel requests permission to withdraw and challenges the factual findings underlying the court's commitment decision. Axelgard seeks unconditional release in a pro se supplemental brief and requests new counsel.

We conclude that the district court's factual findings were not clearly erroneous. *See* 18 U.S.C. § 4246(d) (stating that a clear-and-convincing-evidence standard applies in this type of commitment proceeding); *United States v. Williams*, 299 F.3d 673, 676 (8th Cir. 2002) (discussing the standard of review on appeal). Evidence in the record, including several expert opinions, established that Axelgard has a mental illness, that his dangerous behavior is related to it, and that he would likely discontinue treatment if he were released. *See United States v. Ecker*, 30 F.3d 966, 970 (8th Cir. 1994). Accordingly, we affirm the judgment, *see* 8th Cir. R. 47B, deny Axelgard's motion for new counsel, and grant counsel's motion to withdraw.

———————————————————

Honorable David P. Rush, United States Magistrate Judge for the Western District of Missouri.